# EXHIBIT 1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| MEDICAL PROPERTIES TRUST, INC. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:23-CV-00408-RDP |
| VICEROY RESEARCH LLC; FRASER JOHN ) | |
| PERRING; GABRIEL BERNARDE; and AIDAN LAU ) | |
| *Defendants* | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Cheyne Capital US, L.P.

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: as instructed in Schedule A attached hereto.

| Place: Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Ave, 22nd Fl<br>New York, New York 10010 | Date and Time: May 9, 2024 5:00 PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 9, 2024

| CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Jomaire A. Crawford |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing Medical Properties Trust, Inc., who issues or requests this subpoena, are: Jomaire A. Crawford; Quinn Emanuel Urquhart & Sullivan LLP, 51 Madison Ave., 22nd Fl, New York, New York 10010; jomairecrawford@quinnemanuel.com; (212) 849-7000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-CV-00408-RDP

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows:

_____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because:

_____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

As used below, the following terms shall have the following meanings:

1. "Action" shall mean the above-captioned action.

2. "Communication" shall refer to the transmittal of information (in the form of facts, ideas, inquiries, queries, data, or otherwise) by any means of transmission, regardless of whether the transmittal was initiated or received by an individual or a system. Means of transmission include, but are not limited to, face-to-face conversations, postal or other physical mail, email, text message, instant message (such as iMessage, WhatsApp, Slack, Signal, Telegram, and Threema), messages or public posts on websites, social media platforms (such as Twitter Direct Messages), voicemail, telephone, videoconference or webcast systems (such as Zoom or WebEx) or facsimile.

3. "Cheyne Capital" shall mean Cheyne Capital US, L.P. and any of its divisions, subsidiaries, parents, or affiliates, or other entities from whom Cheyne Capital US, L.P. has the practical ability to obtain the documents requested herein, together with each of their respective employees, partners, associates, shareholders, officers, directors, and agents, and all other Persons acting or purporting to act on their behalf.

4. "Complaint" shall mean the Complaint, dated March 30, 2023, filed by MPT against Defendants in the Action.

5. "Defendant" or "Defendants" shall mean the Persons named as defendants in the Complaint, together with all Persons acting or purporting to act on their behalf.

6. "Document" or "Documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and shall include, without limitation, the original and all non-identical copies of any handwritten, printed, typed, recorded, or other graphic material, or ESI (as

defined below), of any kind and nature, including all drafts and transcriptions thereof, however produced or reproduced, and including but not limited to accounting materials, accounts, agreements, analyses, appointment books, books of account, calendars, catalogs, checks, Communications (as defined herein), computer data, computer disks, contracts, correspondence, date books, diaries, diskettes, drawings, email messages, faxes, guidelines, instructions, interoffice communications, invoices, letters, logs, manuals, memoranda, minutes, notes, opinions, payments, plans, receipts, records, regulations, reports, sound recordings, statements, studies, surveys, timesheets, vouchers, word processing materials (however stored or maintained), and all other means by which information is stored for retrieval in fixed form.

7. "ESI" means information that is stored in an electronic format, regardless of the media or whether it is in the original format in which it was created, and that is retrievable in perceivable form and includes but is not limited to metadata, system data, deleted data, and fragmented data.

8. "Hedgeye" shall mean, individually and collectively, Hedgeye Risk Management, LLC and any of its divisions, subsidiaries or affiliates, together with each of their respective employees, partners, associates, shareholders, officers, directors, and agents, and all other Persons acting or purporting to act on their behalf.

9. "MPT" shall mean, individually and collectively, (i) Medical Properties Trust, Inc. and any of its divisions, subsidiaries or affiliates, together with each of their respective current and former employees, partners, associates, shareholders, officers, directors, and agents, and all other Persons acting or purporting to act on their behalf; and (ii) MPT Securities.

10. "MPT Securities" shall mean the common stock of MPT traded on the New York Stock Exchange under the ticker symbol "MPW," along with any options, swaps, hedges, or derivative instruments related thereto.

11. "Person" or "Persons" shall mean any individual, corporation, partnership, firm, association, government agency, or other organization recognizable at law, together with its agents, employees, and representatives.

12. "Reports" (each individually a "Report") shall mean all documents authored or published by any Person concerning MPT, including without limitation presentations, research reports, newsletters, blog posts, articles, or other written materials.

13. "Transaction" shall mean any purchase or sale (including short sales or the purchase or sale of any put, call, straddle, option, swap, hedge, or derivative), acquisition, disposition, conversion, transfer, or loan of any MPT Security.

14. "Tweet" shall mean a post made on the "X" platform (formerly known as "Twitter"), including Retweets or replies.

15. "Twitter" shall mean the social media platform (currently known as "X") operated by X Corp.

16. The terms "You" or "Your" shall mean Cheyne Capital and any of its divisions, subsidiaries, parents, or affiliates, or other entities from whom Cheyne Capital US, L.P. has the practical ability to obtain the documents requested herein, together with each of their respective employees, partners, associates, shareholders, officers, directors, members, and agents, and all other Persons acting or purporting to act on their behalf.

17. The term "including" shall mean "including without limitation" or "including, but not limited to."

18.   The terms "and" and "all" shall each be construed either disjunctively or conjunctively to bring within the scope of the Requests all responses that might otherwise be construed as outside their scope.

19.   The terms "any" and "each" shall each be construed as both "each" and "every" to bring within the scope of the Requests all responses that might otherwise be construed to be outside their scope.

20.   The use of the singular form of any word shall include the plural and vice versa.

21.   The terms "concerning," "regarding," "relating to," and/or "related to" shall each be read and applied as interchangeable and shall each be construed in the broadest sense to mean referring to, describing, evidencing, memorializing, concerning, regarding, with regard to, relating to, referring to, pertaining to, containing, analyzing, evaluating, studying, recording, reflecting, reporting on, commenting on, reviewed in connection or in conjunction with, setting forth, contradicting, refuting, and considering, in whole or in part.

## **INSTRUCTIONS**

The following instructions shall apply to the Document Requests contained herein. The Requests call for the production of all responsive Documents that are in Your possession, custody, or control, wherever located, regardless of whether they are possessed directly by You or any of Your agents, representatives, employees, accountants, attorneys, or other Persons acting or purporting to act on Your behalf.

1.   Unless otherwise specified, the time period covered by these Requests is January 1, 2022 through the present.

2.   A Request for a Document shall be deemed to include a request for any non-identical copies or drafts of the Document, as well as all transmittal sheets, cover letters, exhibits,

enclosures, or attachments to the Document, in addition to the Document itself. Any Document described herein is to be produced in its original file folder, with all labels or similar markings intact, and with the name of the Person from whose file it was produced.

3. You must respond to each Request separately and fully, unless it is objected to, in which event the reasons for the objection should be specifically and separately stated. If You object to part of a Request, You must produce all Documents and Communications responsive to the part of the Request to which You did not object.

4. If it is not possible to produce any Document called for by a Request, or if any part of a Request is objected to, the reasons for the failure to produce the Documents or the objection should be stated specifically as to all grounds.

5. If a Document responsive to any Request is no longer in Your possession, custody, or control, give a description of the Document, state what disposition was made of the Document and the date of such disposition, and identify all Persons having knowledge of the Document's contents.

6. If any Document responsive to any Request has been destroyed, give a description of the Document, set forth the contents of the Document, the location of any copies of the Document, the date of the Document's destruction, and the name of the Person who destroyed the Document or ordered or authorized its destruction.

7. If any portion of any Document is responsive to any Request, the entire Document must be produced.

8. If You claim any form of privilege or protection or other reason, whether based on statute or otherwise, as a ground for not producing requested Documents, You shall furnish a privilege log identifying each Document or Communication for which the privilege or protection

is claimed in compliance with Federal Rule of Civil Procedure 26(b)(5) and/or such other parameters as may be agreed between the parties.

9. Requests are not intended to limit or modify other Requests and should not be interpreted as limiting or modifying other Requests.

10. If You contend that any Request is overly broad and/or unduly burdensome, identify all aspects of the Request that are overly broad or unduly burdensome and produce the Documents that are not subject to this contention.

11. If there are no Documents or Communications responsive to any particular Request or subpart thereof, You shall state so in writing.

12. For any responsive Documents or Communications stored in electronic format, including email and text messages, You will produce those Documents or Communications in searchable electronic format (*e.g.*, single-page .TIFF format with corresponding Document-level extracted text files and OCR text files, each named by the Bates number assigned to the first page) by secure electronic transmission (*e.g.*, SFTP site) or on CD-ROMs, DVD-ROMs, portable or external hard drives, or other widely-used electronic or optical storage media. All images will be produced as single page .TIFF images, black and white, Group IV and 300 dpi with a Concordance Image (formerly Opticon) style .OPT load file. All color images will be provided in JPEG format where color images are necessary to understand the Document. All Microsoft Excel, PowerPoint, and similar spreadsheet or presentation files will be produced in native format. Furthermore, for all native files that are produced, a corresponding placeholder TIFF image will be produced that bears the same Bates assigned to the native file, has all associated metadata, and indicates that the "File has been produced in native format." All responsive electronic Documents and Communications will be produced with sufficient metadata to convey where these items begin and

end (including attachments), the original file name, and the original timestamps and attributes. All metadata will be provided in a delimited data field (with file extension .DAT), delimited using the Concordance style delimiters, and including the following metadata fields: "BEGBATES", "ENDBATES", "BEGATTACH", "ENDATTACH", "FAMILY-DATE/TIME", "ALL CUSTODIANS", "To", "From", "CC", "BCC", "Subject", "Sent Date/Time", "Author", "Title", "File Name", "File Extension", "Redacted", "TextPath", "NativePath", "MD5HASH", "Received Date/Time", "File Size", and "Confidentiality". To the extent that SMS or chat-based Communications are responsive to these Requests, MPT will meet and confer with You regarding the appropriate production specifications and metadata for such Communications.

13. None of the Definitions or Requests set forth herein shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the Definition or Request.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1

Documents and Communications related to any Defendant, or any Person working on behalf of or in concert with any Defendant. For the avoidance of doubt, this Request encompasses:

A. Documents or Communications sent to, or received from, any Defendant, including but not limited to communications exchanged pursuant to any agreement between You and any Defendant;

B. Documents and Communications concerning any payments made to, or received from, any Defendant, or any Person working on behalf of or in concert with any Defendant; and

C. Documents and Communications concerning contracts, memoranda of understanding, letters of intent, confidentiality agreements, non-disclosure agreements, profit-, risk-, loss-, or cost-sharing agreements, or other agreements or draft agreements of any kind, whether written or oral, between You and any Defendant, or any Person working on behalf of or in concert with any Defendant.

### REQUEST NO. 2

Documents and Communications relating to MPT or MPT Securities. For the avoidance of doubt, this Request encompasses:

A. Documents and communications concerning any communications, interactions, discussions, or meetings between You and any other Person(s) concerning MPT, including, without limitation, communications between You and Hedgeye Risk Management, LLC, Robert Simone (Hedgeye), Keith McCullough (Hedgeye), Matthew Pascale (formerly of Point 72 Asset Management), Richard Mortell (Third Coast Real Estate Capital), Edwin Dorsey (Bear Cave), Greg Gillespie (formerly of Tacet Global Limited), Nick Helsby, Romaine Beurr, Jacques Griesel, Brian Spegele (The Wall Street Journal), Jonathan Weil (The Wall Street Journal), Laura Benitez (Bloomberg), Charlie Conchie, Moe Tkacik (The American Prospect), Teri Buhl (Buhl Reports), David Lindsay (The Shift), Aurelia Seidlhofer (Reorg), Claude Risner (Debtwire), or Peter Shalson;

B. Documents and Communications concerning contracts, memoranda of understanding, letters of intent, confidentiality agreements, non-disclosure agreements, profit-, risk-, loss-, or cost-sharing agreements, or other agreements or draft agreements of any kind, whether written or oral, between You and any other Person, including without limitation the Persons listed in Request No. 2 above, concerning MPT;

- C. All Documents and Communications concerning or relating to any payments or other consideration paid by You to any other Person, whether actual or potential, in exchange for or in connection with the creation or dissemination of Tweets, Reports, statements, or other material concerning MPT;

- D. Documents and Communications related to the value of MPT Securities and any recommendation to purchase, sell, or short-sell MPT Securities;

- E. Documents and Communications related to any Reports or other public statements concerning MPT, including Documents and Communications regarding any decision to create or publish any Report, Tweet, or other public statement concerning MPT, and any records of or related to any meetings concerning the foregoing; and

- F. Documents and Communications concerning any Transaction in MPT Securities by You or any Person acting on behalf of You, including any short sales of MPT Securities.