# EXHIBIT 5

# (Exhibits referenced therein are Omitted)

**quinn emanuel** trial lawyers | london

90 High Holborn, London WC1V 6LJ, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100

WRITER'S DIRECT DIAL NO.
**+44 20 7653 2290**

WRITER'S INTERNET ADDRESS
**paulbaker@quinnemanuel.com**

6 March 2024

<u>VIA E-MAIL</u> (**PETER.HEAD@CHEYNECAPITAL.COM**)

Peter Head
Chief Compliance Offer
Cheyne Capital UK Ltd. ("**Cheyne Capital**")
Stornoway House
13 Cleveland Row
London, SW1A 1DH
United Kingdom

Our ref: 11732-00001
Your ref:

**Re: Document Requests to Cheyne Capital**

Dear Sir,

1. We represent Medical Properties Trust, Inc. ("**MPT**"). We write in respect of production of documents by Cheyne Capital Management ("**Cheyne Capital**") in connection with a U.S. court proceeding currently pending before the Honorable R. David Proctor, federal district court judge, in the case captioned *Medical Properties Trust, Inc. v. Viceroy Research LLC et al.*, No. 23-cv-408 (N.D. Ala., filed March 30, 2023) (the "**U.S. Proceeding**").

2. On 18 January 2024, Judge Proctor issued a letter of request in the U.S. Proceeding, addressed to the English Court, concerning production of documents in Cheyne Capital's possession, pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters Dated March 18, 1970 (the "**Request**"). The Request contains details of documents sought to be produced by Cheyne Capital (the "**Document Production Requests**"), which documents would be evidence for direct use in, and

**quinn emanuel urquhart & sullivan uk llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Quinn Emanuel Urquhart & Sullivan UK LLP is a limited liability partnership registered in England and Wales (with registered number OC337278) and is authorised and regulated by the Solicitors Regulation Authority. A list of members and their professional qualifications is open to inspection at our registered office, 90 High Holborn, London WC1V 6LJ, United Kingdom.

relevant to, issues for trial in the U.S. Proceeding. MPT intends shortly to file an application with the English Court for an order requiring Cheyne Capital to comply with the Document Production Requests pursuant to section 2 of the Evidence (Proceedings in Other Jurisdictions) Act 1975 (the "**Intended Hague Application**"). A signed copy of the Request is enclosed as **Attachment A**.

3. Before making the Intended Hague Application, in an effort to save time, costs, and court resources, MPT invites Cheyne Capital to co-operate with MPT by (1) confirming the existence and scope of documents in its possession, custody, or control that respond to the Document Production Requests, (2) agreeing in principle voluntarily to provide copies of such documents to MPT, and (3) voluntarily producing as a matter of urgency a subset of such documents within two weeks, with further production to follow as necessary.

4. By way of background, MPT is a U.S.-based real estate investment trust that acquires, develops, and invests in community healthcare facilities across the United States and internationally. MPT is a publicly traded company on the New York Stock Exchange. In the U.S. Proceeding, MPT is suing Viceroy Research LLC and three of its principals—Fraser John Perring, Gabriel Bernarde, and Aidan Lau (together with Viceroy Research LLC, "**Viceroy**")—for numerous civil claims, including defamation, tortious interference, and civil conspiracy. MPT's claims arise from a "short-and-distort" attack that Viceroy has mounted and continues to pursue against MPT. In summary, MPT asserts that Viceroy has knowingly or recklessly published false, misleading, and defamatory statements about MPT in an effort to drive down the price of MPT's stock, thereby allowing Viceroy and its co-conspirators to profit off their short positions in MPT. For your convenience, a copy of the complaint in this action (the "**Complaint**") is attached hereto as **Attachment B**.

5. After Judge Proctor denied all aspects of Viceroy's motions to dismiss MPT's Complaint, the U.S. Proceeding is now at the stage of discovery. During discovery, Viceroy has disclosed the existence of its agreement with Cheyne Capital (the "**Agreement**") by which Cheyne Capital pays Viceroy a monthly sum in exchange for Viceroy's research on various companies. We note that the Agreement, which Viceroy has since produced to MPT, also gives Viceroy the right to share in any profits that Cheyne Capital earns from its short positions in these companies. Viceroy has indicated that this Agreement covers Viceroy's research on MPT, and that Cheyne Capital has taken a short position in MPT.

6. In light of these disclosures, MPT applied to Judge Proctor for the Request to be issued, to compel (if necessary) the production by Cheyne Capital of documents responsive to the Document Production Requests. After argument, Judge Proctor held that the documents sought are relevant to Viceroy's state of mind in publishing research about MPT and therefore relevant to the issues at trial in the U.S. Proceeding.

2

7. MPT is preparing to file the Intended Hague Application. At a high level, the documents of which MPT seeks disclosure most urgently are the documents and communications exchanged between Cheyne Capital and Viceroy pursuant to the Agreement (including earlier and later iterations of the Agreement) during the relevant period (which we have defined as 1 January 2022 to present) (the "**Urgent Documents**"). Given the Agreement's express reference to such communications—which are, after all, the subject and purpose of the Agreement—MPT is confident that the Document Production Requests set out in the Request (and, in particular, the Urgent Documents) satisfy the tests of being a specific, clearly defined group of documents and which are known to exist. We accordingly invite Cheyne Capital:

   7.1 To confirm, to the best of its knowledge, details of the documents that respond to the Document Production Requests;

   7.2 To agree in principle to provide voluntarily to MPT copies of the documents which respond to the Document Production Requests within a reasonable time period and in any event by Wednesday, 20 March 2024; and

   7.3 To agree to provide copies of the Urgent Documents forthwith and in any event by Wednesday, 20 March 2024.

8. If Cheyne Capital refuses these reasonable requests, then MPT reserves the right to apply to Court for an Order compelling Cheyne Capital to comply with the Document Production Requests pursuant to the Intended Hague Application, further or alternatively as pre-action disclosure pursuant to Civil Procedure Rule 31.16. However, we are hopeful that the need to incur the time, cost, and court resources of any such application can be saved by reasonable voluntary cooperation between the parties. To that end, if Cheyne Capital has genuine concerns as to the scope, method, and timing of disclosure of documents in its possession that respond to the Document Production Requests, MPT is prepared to engage in good faith discussions with Cheyne Capital to endeavour to meet those concerns, with a view to reaching agreement on disclosure without the need to trouble the Court.

9. Given discovery in the U.S. Proceeding is expected to close on 1 May 2024, we request a response to the above, either way, **as soon as possible and in any event by Wednesday, 13 March 2024**.

10. All of MPT's rights, as against Cheyne Capital and generally, are reserved.

Yours faithfully,

*[signature: Quinn Emanuel Urquhart & Sullivan UK LLP]*

**QUINN EMANUEL URQUHART & SULLIVAN UK LLP**

**Enc**: Letter of Request, Complaint

**CC:** Sunil Buddhavarapu (Sunil.Buddhavarapu@Cheynecapital.com)