# **EXHIBIT 6**

# PALLAS

13 March 2024

**Attn: Paul Baker**                                               Your Ref:  11732-00001

Quinn Emanuel Urquhart & Sullivan UK LLP
90 High Holborn
London
WC1V 6LJ

By Email only

Dear Quinn Emanuel,

**RE: Your client's Document Production Requests to Cheyne Capital**

1. We are legal representatives instructed by Cheyne Capital Management (UK) LLP ("**Cheyne Capital**" or "**our client**"). We refer to your letter dated 6 March 2024 addressed to our client requesting the production of documents alleged to be in our client's possession (the "**Letter**" and "**Document Production Requests**"), as well as the enclosed (i) letter of request from the United States District Court for the Northern District of Alabama (the "**US Court**") issued on 18 January 2024 (the "**Request**") and (ii) your client's complaint filed in the US Court on 30 March 2023 (the "**Complaint**").

2. For convenience only, capitalised terms used herein which are not defined have the same meaning as adopted in the Letter.

3. At the outset, we note that, notwithstanding our client is under no legal obligation to engage with the Letter or acquiesce to the Document Production Requests:

    3.1  The Request is dated 18 January 2024;

    3.2  The Request indicates, at paragraph 4, that the US Court "*would greatly appreciate a response to the Request for Assistance within 21 days or as soon thereafter as is practicable*";

    3.3  The Letter is dated some six weeks later than the Request, without explanation for the delay; and

    3.4  The Letter requests a response from our client within seven days and the production of documents within 14 days, both of which would be patently unreasonable even if our client <u>did</u> have any obligation to disclose documents.

4. While no admission is made as to whether the documents requested by the Document Production Requests exist or are in the control of our client, we make the following observations:

    4.1  The Document Production Requests are extremely wide and vague. For example, Document Production Request 1 requests "*Documents and Communications related to any Defendant*", without providing even a date range. Such Requests do not seek specific documents or narrow categories of documents. As you are surely aware, they are not suitable requests for an application under CPR 34 (which we presume is what you mean by referring to the "Intended Hague Application"), and no English Court would grant the Document Production Requests in their current form.

T: +44 204 574 1000
W: pallasllp.com
1 King William Street, London, EC4N 7AF

Pallas Partners LLP is a limited liability partnership registered in England with registered number OC437491 and is authorised and regulated by the Solicitors Regulation Authority of England and Wales ("SRA") with SRA number 826251. A list of names of the members is available for inspection at our registered address at 1 King William Street, London, EC4N 7AF. The use of the term "partner" denotes a member of the LLP or an employee or consultant with equivalent standing and qualifications.

4.2 It is impossible to ascertain, including because of this lack of specificity, how or whether the documents requested are or could be relevant to the Complaint. Based on the limited information available, our client considers that they are not.

5. The Document Production Requests are, therefore, tantamount to an inappropriate fishing expedition. Our client recommends that your client discontinue its attempts to improperly acquire irrelevant documents from our client.

6. Finally, we note your reference to a pre-action disclosure application against our client at paragraph 8 of your Letter. If the true aim of the Letter is in fact to acquire documents for use in a potential proceeding in England against our client, and not for the purposes of the U.S. Proceedings, this would make any CPR 34 application an abuse of process.

7. All our client's rights are reserved.

Yours faithfully,

*[signature]*

**Pallas Partners LLP**