# EXHIBIT 9

| | |
|---|---|
| **From:** | Shireen Barday |
| **To:** | Jomaire Crawford |
| **Cc:** | Ashley Mullen |
| **Subject:** | RE: MPT - Cheyne Capital US, L.P. - Subpoena dated April 9, 2024 |
| **Date:** | Monday, May 13, 2024 8:37:38 AM |
| **Attachments:** | image001.png |
| | image425473.png |

Ms. Crawford,

Thank you for your email and confirming receipt of our Responses and Objections ("R&Os") to the subpoena dated April 9, 2024 (the "Subpoena"), which we note may have been dated April 9 but was not served until the end of April.  Most important, your email grossly misstates the extraordinary breadth of the documents requested by the Subpoena.  That is, while you categorize the Subpoena as seeking "two categories of documents," the two overarching categories are so broad as to be incognizable**.**  Both requests also seek a wide range of documents that do not appear to have anything to do with the *MPT v. Viceroy Research LLC, et al.* (the "Alabama Proceeding").

First, you seek Documents and Communications related to any Defendant, or any Person working on behalf of or in concert with any Defendant."  Notwithstanding the broad definitions of Documents and Communications (which are themselves objectionable), Defendant is defined to include both the "Persons named as defendants in the Complaint, together with all Persons acting or purporting to act on their behalf."  Person, in turn, is defined to mean any "individual, corporation, partnership, firm, association, government agency, or other organization recognizable at law, together with its agents, employees, and representatives."  This request alone therefore literally seeks Documents and Communications relating to Defendants and those individuals or entities working on their behalf, as well individuals or entities working on behalf of individuals or entities working on behalf of Defendants.  Among other things, it is unclear as to the identity of those working on behalf of those working on behalf of defendants—certainly, our client has no way of knowing who the individuals, corporations, partnerships, firms, associations, government agencies, or other organizations "recognizable at law" who are also working on behalf of defendants might be—let alone who might be an agent, employee or representative of someone working on behalf of someone working on behalf of a defendant in the Alabama Proceeding.

Your second categorical request fares no better.  You purport to seek "Documents and Communications relating to MPT or MPT Securities."  "MPT" is defined to mean, "individually and collectively, (i) Medical Properties Trust, Inc. and any of its divisions, subsidiaries or affiliates, together with each of their respective current and former employees, partners, associates, shareholders, officers, directors, and agents, and all other Persons acting or purporting to act on their behalf; and (ii) MPT Securities."  "MPT Securities" is defined in turn to mean "the common stock of MPT traded on the New York Stock Exchange under the ticker symbol "MPW," along with any options, swaps, hedges, or derivative instruments related thereto."  So your second request appears to seek, among other things, Documents and Communications relating to any individual, corporation, partnership, firm, association, government agency, or other organization recognizable at law, together with its agents, employees and representatives (a "Person"), who may be purporting to act on behalf of anyone who is currently or formerly associated with MPT.  This request equally is so broad as to render it nonsensical.

Your subparts therefore do not help us narrow the range of documents requested and, without belaboring the point, manage to enlarge the universe of documents that appear to be requested rather than narrowing it.

Further, we disagree with your characterization of our R&Os insofar as you contend that "it does not dispute that Cheyne US has the requested documents within its possession, custody, or control." To the contrary, we objected generally "to the Requests . . . to the extent they call for documents or information that does not exist, or documents or information outside Cheyne Capital US's possession, custody or control." *See* R&Os, General Objections, para. 10. Further, our R&Os make clear that "Any response stating that Cheyne Capital US will produce responsive documents does not indicate that such documents in fact exist." *See* R&Os, General Objections, para. 26. We also objected specifically to the definition of "Communication" "to the extent it purports to require Cheyne Capital US to identify, search for, review, or produce documents and communications not in Cheyne Capital US's possession, custody, or control." *See* R&Os, Objections to Definitions, para. 3. We raised a similar objection to "You," "Your," and "Yours." *See* R&Os, Objections to Definitions, para. 15. Then, in our specific objections to your Requests, we responded that your request seeks "documents and communications that are irrelevant to the claims, defenses, or subject matter of the Alabama Proceeding," or that are "located abroad and subject to the Letter Rogatory," which, as you know, acknowledges that all of the documents you seek, if they are available or exist at all, are in the possession, custody or control of Cheyne Capital Management (UK) LLP (Cheyne Capital UK), not Cheyne Capital US. We cannot categorically say we do not have any of the "Documents of Communications" requested because the Subpoena is so broad that it is not clear what it is you purport to be looking for.

Nevertheless, we are willing to schedule a meet and confer with you. In order for any such meeting to be productive, we will also need you to explain beforehand how each category of documents and its subcategories even arguably relates to the claims at issue in the Alabama Proceeding. As you undoubtedly are aware, the burden of establishing relevance rests on you. *See Alexander v. New York City Dep't of Educ.*, 339 F.R.D. 372, 374 (S.D.N.Y. 2021); *accord In re Surety of Ass'n of Am.*, 388 F.2d 412, 414 (2d Cir. 1967). We continue to believe that your Subpoena is a transparent attempt to make an end run around English legal process and the related US rules for seeking foreign discovery, but should you believe you can articulate a valid purpose for your actions, we are available on Wednesday afternoon ET at your convenience for the meet and confer.

Sincerely,
Shireen

Shireen Barday
Partner

PALLAS

T: +1 (212) 970 2302 | M: +1 (646) 280 8866

E:  shireen.barday@pallasllp.com

75 Rockefeller Plaza, New York, NY 10019

pallasllp.com | LinkedIn

**From:** Jomaire Crawford <jomairecrawford@quinnemanuel.com>
**Sent:** Friday, May 10, 2024 9:44 PM
**To:** Shireen Barday <Shireen.Barday@pallasllp.com>; Ashley Mullen <Ashley.Mullen@pallasllp.com>
**Cc:** Cullerton, Nate <NDCullerton@wlrk.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; John Ferraro <johnferraro@quinnemanuel.com>; Melman, Charles M. <CMMelman@wlrk.com>; AUEkechukwu@wlrk.com
**Subject:** Re: MPT - Cheyne Capital US, L.P. - Subpoena dated April 9, 2024

Counsel:

We are in receipt of your letter of yesterday, which enclosed responses and objections ("R&Os") to the April 9, 2024 subpoena that our client, Medical Properties Trust, served on Cheyne Capital US, L.P. ("Cheyne US").

Your demand that we respond within 24 hours is unreasonable, particularly where you responded to our subpoena over two weeks past the deadline for Cheyne US's R&Os under the Federal Rules of Civil Procedure.

As you know, the subpoena seeks two categories of documents.  While your letter asserts various objections, it does not dispute that Cheyne US has the requested documents within its possession, custody, or control.

Accordingly, your letter provides no legitimate basis for contesting the subpoena—let alone your insistence that our client withdraw it.  Thus, MPT has no intention of doing so and is fully prepared to defend the subpoena in court.

At this stage, however, the proper course of action is for us to meet and confer, in good faith, in an attempt to resolve any remaining disputes.  To that end, please provide your availability for a call next week.

Jomaire Crawford | *Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 23rd Floor
New York, NY 10010
212.849.7581 Direct
212.849.7000 Main Office Number
212.849.7100 FAX
JomaireCrawford@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Ashley Mullen <Ashley.Mullen@pallasllp.com>

**Sent:** Thursday, May 9, 2024 1:15 PM
**To:** Jomaire Crawford <jomairecrawford@quinnemanuel.com>
**Cc:** Shireen Barday <Shireen.Barday@pallasllp.com>
**Subject:** Cheyne Capital US, L.P. - Subpoena dated April 9, 2024

[EXTERNAL EMAIL from ashley.mullen@pallasllp.com]

Counsel,

Please see attached correspondence.

Best,
Ashley


Ashley Mullen
Associate



T: +1 (212) 970 2327  |  M: +1 (229) 550 0514
E:  ashley.mullen@pallasllp.com
75 Rockefeller Plaza, New York, NY 10019

pallasllp.com  |  LinkedIn

Pallas Partners LLP is a limited liability partnership registered in England with registered number OC437491, and is authorised and regulated by the Solicitors Regulation Authority of England and Wales ("SRA") with SRA number 826251. A list of names of the members is available for inspection at our registered address at 1 King William Street, London, EC4N 7AF. The word "partner" denotes a member of Pallas Partners LLP or an employee or consultant with equivalent standing and qualifications.

Pallas Partners (US) LLP is a limited liability partnership established in Delaware and registered in New York, located at 75 Rockefeller Plaza, New York, NY, 10019. Attorneys practicing law with Pallas Partners (US) LLP are admitted to practice in New York and their professional conduct is regulated by the New York Rules of Professional Conduct.

This email (and any attachments) is confidential and may also be legally privileged and is intended solely for the use of the individual or entity addressed above. If you are not the intended recipient, please immediately notify the sender, then delete it from your system. You should not copy it or use it for any purpose, nor disclose its contents to any other person. Please also note that emails sent or received may be monitored to ensure compliance with the law and with our policies.

Further regulatory information can be found in the Legal Notices which appear on our website at https://www.pallasllp.com/legal.