EXHIBIT 24

| | |
|---|---|
| **From:** | Shireen Barday |
| **To:** | Melman, Charles M.; Ashley Mullen |
| **Cc:** | Cullerton, Nate |
| **Subject:** | RE: MPT - Cheyne Capital US, LP - Subpoena dated April 9, 2024 |
| **Date:** | Thursday, June 6, 2024 7:11:59 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image953692.png |

**\*\*External Email-Use Caution\*\***

Counsel,

We again reiterate that Cheyne Capital US, LP does not have the documents you seek. Neither document you have attached indicates otherwise—both are plainly the documents of Cheyne Capital Management (UK) LLP, including as indicated on the signature block in the email thread you have attached. Indeed, the Research Agreement you have attached was both executed by Cheyne Capital Management (UK) LLP and, in fact, selects the law of England and Wales to govern, with a forum selection clause that sites exclusive jurisdiction in the English courts. This is consistent with the representation made to the Alabama District Court wherein MPT stated that "[t]he evidence sought by Plaintiff can **only** be obtained" from Cheyne Capital Management (UK) LLP—not Cheyne Capital US, LP. *Medical Properties Trust, Inc. v. Viceroy Research LLC, et al.*, No. 23-cv-408, ECF No. 80, at 8 (N.D. Ala.) (emphasis added).

Further, your suggestion that Jonathan Lourie is the sole or direct owner of Cheyne Capital US, LP is simply wrong. Cheyne Capital US, LP has a single General Partner, which is Cheyne Capital US, LLC. In turn, Cheyne Capital US, LLC is 100% owned by a UK entity in which Jalner International Ltd. has an indirect and majority (but not sole) interest. Mr. Lourie is a discretionary beneficiary of a Jersey trust that owns 100% of Jalner International Ltd. Given the discretionary nature of the Jersey trust, Mr. Lourie does not have a vested right in the trust assets, nor is he able to control the trust. Certainly, and in any event, Mr. Lourie's role as a discretionary beneficiary of the Jersey trust does not give Cheyne Capital US, LP the legal right or practical ability to access the files of Cheyne Capital Management (UK) LLP. The documents you seek are not located in the United States and are properly obtained, if at all, through the Hague Convention, which your subpoena is plainly calculated to circumvent. For these reasons, your subpoena is improper and your client must pursue its rights through the Hague Convention and/or, as appropriate, the English Courts.

Kind regards,
Shireen


Shireen Barday
Partner

PALLAS

T: +1 (212) 970 2302 | M: +1 (646) 280 8866

1

E:  shireen.barday@pallasllp.com
75 Rockefeller Plaza, New York, NY 10019
pallasllp.com | LinkedIn

**From:** Melman, Charles M. <CMMelman@wlrk.com>
**Sent:** Monday, June 3, 2024 5:24 PM
**To:** Ashley Mullen <Ashley.Mullen@pallasllp.com>; Shireen Barday <Shireen.Barday@pallasllp.com>
**Cc:** Cullerton, Nate <NDCullerton@wlrk.com>
**Subject:** RE: MPT - Cheyne Capital US, LP - Subpoena dated April 9, 2024

Counsel,

We are following up on our message below, as we have yet to hear back from you.  To the extent you still are considering the issues we raised, and in a further effort to aid potential discussions, we attach two documents that give us reason to believe the custodial files of Jonathan Lourie and Peter Head likely contain responsive documents.  Please note that, while the Viceroy defendants have consented to our sharing these documents with you, the documents have been designated confidential pursuant to a Protective Order entered in the Alabama litigation.

The first (Viceroy_0416030) is a "Second Amended and Restated Research Services Agreement" between Cheyne and Viceroy, dated November 22, 2023.  Section 1.1(I) identifies Mr. Lourie by name as the "Relevant Cheyne Personnel" who, pursuant to § 2.1, receives "all Research which [Viceroy] produces" under the Agreement.  Section 1.1(C) and § 2.3 designate Mr. Head to carry out the Agreement by managing the flow of information from Viceroy.  We note that the Viceroy defendants have also produced earlier versions of the Agreement with these same terms.

The second document (Viceroy0031808) is email correspondence between Mr. Head and Viceroy's Fraser Perring in which, consistent with the Agreement, Mr. Head directs Mr. Perring that "[w]e are clear" on two particular companies.

Recognizing the upcoming deadline to oppose the motion to quash, we remain available to meet and confer to the extent helpful.

Regards,
Charlie

**Charles M. Melman**
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1383 (Direct) | +1 (212) 403-2383 (Fax)
CMMelman@wlrk.com | www.wlrk.com

**From:** Melman, Charles M.

2

**Sent:** Thursday, May 30, 2024 5:59 PM
**To:** 'Ashley Mullen' <Ashley.Mullen@pallasllp.com>; Cullerton, Nate <NDCullerton@wlrk.com>
**Cc:** Barday, Shireen A. (Pallas Partners (US) LLP) <shireen.barday@pallasllp.com>
**Subject:** RE: MPT - Cheyne Capital US, LP - Subpoena dated April 9, 2024

Counsel,

Thank you for your response. Your characterization of the parties' meet-and-confer is not accurate. After explaining the core categories of documents sought by MPT's subpoena, we asked what efforts had been undertaken to determine whether Cheyne Capital US, LP has possession, custody, or control of such documents. After initially directing us to Mr. Bordage's declaration—which is silent on the matter—you referred generally to your belief that unspecified searches may have been conducted. But you were unable to represent anything further about those searches—including which custodians or files, if any, had been searched. Nor were you able to definitively confirm whether any such searches had even taken place. You agreed to discuss with your client and report back.

You now appear unwilling to engage further on the subject, and have yet to provide any information on what, if any, efforts you or your client have undertaken to determine whether Cheyne Capital US, LP has any responsive documents. We are not seeking "the minutia of the particulars of what types of searches were conducted." We are simply trying to understand what basis you have for claiming that Cheyne Capital US, LP does not have any responsive documents. Based on the current record, it does not appear to us that Cheyne Capital US, LP has done anything to assure itself that it does not.

Without waiving any rights, in a further effort to make some progress towards narrowing or resolving our dispute and better understanding your position, we are particularly focused on the custodial files of Jonathan Lourie and Peter Head, which we believe are likely to contain responsive documents. Regulatory filings indicate that Mr. Lourie is the Chief Executive Officer of Cheyne Capital Management (UK) LLP and owner of Cheyne Capital US, LP; and that Mr. Head is the Chief Compliance Officer of both entities.

Can you please confirm whether you have searched the custodial files of at least Messrs. Lourie and Head for information responsive to MPT's subpoena? If you have not, is it your position that Cheyne Capital US, LP is unable to search their custodial files? If that is your position, please explain, as we do not otherwise understand why, for example, Cheyne Capital US, LP does not have possession, custody, or control over the documents of its own Chief Compliance Officer.

We also note your ongoing refusal to say whether Cheyne uses a common email domain across offices, whether emails sent to that domain are stored on a common system or server, and which individual is both a member of Cheyne Capital Management (UK) LLP and a limited

3

partner of Cheyne Capital US, LP.  We reiterate these questions, which are relevant to determining whether Cheyne Capital US, LP has responsive documents or the practical ability to obtain them.  To that end, we note that Cheyne Capital US, LP and Cheyne Capital Management (UK) LLP are under common ownership and control, and share common officers or senior managers.  In addition to Messrs. Lourie and Head, Stuart Fiertz is identified in regulatory filings as the President of both entities.

In light of your refusal to accommodate our request for a one-week extension to respond to your motion, we ask that you respond to this email by end of day tomorrow to allow the parties the opportunity to continue discussions if necessary.  We remain available to meet and confer if that would be helpful, and reserve all rights.

Regards,
Charlie

**Charles M. Melman**
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1383 (Direct) | +1 (212) 403-2383 (Fax)
CMMelman@wlrk.com | www.wlrk.com

---

**From:** Ashley Mullen <Ashley.Mullen@pallasllp.com>
**Sent:** Wednesday, May 29, 2024 11:47 AM
**To:** Melman, Charles M. <CMMelman@wlrk.com>; Cullerton, Nate <NDCullerton@wlrk.com>
**Cc:** Barday, Shireen A. (Pallas Partners (US) LLP) <shireen.barday@pallasllp.com>
**Subject:** RE: MPT - Cheyne Capital US, LP - Subpoena dated April 9, 2024

**\*\*External Email-Use Caution\*\***

Counsel,

We disagree with the content of your communication, including the characterization of what we agreed to provide during our meet and confer.  We understood your requests to be seeking clarification on whether our client has possession, custody, and control of any documents responsive to the four categories you outlined on the call.  That information, as we already pointed out, is contained in our papers filed with the Court (and attached here for reference).  On our call, we agreed to discuss this issue with our client for a second time, and we have done so and confirmed that Cheyne Capital US, LP does not have documents responsive to the four categories of documents you seek.

Further, your contention that you are entitled to the minutia of the particulars of what types of searches were conducted and which custodians were searched has no basis in law, as you surely know, since you have cited none in support of your demand.  *But see Franck v. New York Health Care Inc.*, 2022 WL 471333, at \*2 (S.D.N.Y. Feb. 16, 2022) (denying motion to compel and finding that parties responding to discovery requests "are best situated to decide how to search for and produce the ESI responsive to [a party's] discovery requests") (cleaned up); *Kaye v. New York City Health and*

4

*Hosps. Corp.*, 2020 WL 7237901, at *6 (S.D.N.Y. Dec. 9, 2020) (denying in part motion to compel and resolving dispute as to requested information about Defendants' ESI methodology, finding that "[the] insistence that the [defendant] must collaborate . . . to establish a review protocol and validation process has no foothold in the federal rules governing discovery.").

As it stands, your client has no good faith basis to believe Cheyne Capital US, LP has possession, custody, or control of the documents you seek, and importantly, MPT through counsel already represented to the Alabama district court that "[t]he evidence sought by Plaintiff can **only** be obtained" from Cheyne Capital Management (UK) LLP—not Cheyne Capital US, LP. *Medical Properties Trust, Inc. v. Viceroy Research LLC, et al.*, No. 23-cv-408, ECF No. 80, at 8 (N.D. Ala.) (emphasis added). Cheyne Capital US, LP does not have access to the documents of Cheyne Capital Management (UK) LLP, as set forth in our papers filed with the Court, to which we again refer you for responses to your various queries.

Thanks,


Ashley Mullen
Associate

PALLAS

T: +1 (212) 970 2327  | M: +1 (229) 550 0514
E:  ashley.mullen@pallasllp.com
75 Rockefeller Plaza, New York, NY 10019
pallasllp.com | LinkedIn

**From:** Melman, Charles M. <CMMelman@wlrk.com>
**Sent:** Thursday, May 23, 2024 12:22 PM
**To:** Ashley Mullen <Ashley.Mullen@pallasllp.com>; Cullerton, Nate <NDCullerton@wlrk.com>
**Cc:** Shireen Barday <Shireen.Barday@pallasllp.com>
**Subject:** RE: MPT - Cheyne Capital US, LP - Subpoena dated April 9, 2024

Counsel,

We appreciate your note, but it is not responsive to the questions we asked during our meet-and-confer on May 20, to which you committed to provide answers. For example, we asked what efforts you and Cheyne Capital US, LP had taken to determine whether Cheyne Capital US, LP has possession, custody, or control of documents responsive to MPT's subpoena. You referred us to the declaration attached to the motion to quash, but that declaration does not describe any such efforts. Nor does your email. Please let us know what, if any, steps Cheyne Capital US, LP has taken to identify responsive documents.

To that end, you represented on our call that you or your client ran unspecified "searches" for responsive documents, but you were unable to provide any specifics regarding the nature of

5

these claimed searches. For example, you were unable to confirm whether these searches involved email or other files, which custodians, if any, were searched, and what terms were used to conduct these searches, if any. We asked on our call that you provide details, and you committed to asking your client and reporting back. We reiterate our request now. Without this information, we have no basis on which to conclude that Cheyne Capital US, LP has no responsive documents, as you claim.

We also asked whether, in light of Cheyne's use of a common email domain across offices, emails sent to that domain are stored on a common system or server. You referred us to your motion-to-quash papers, which do not address these questions. You also agreed that you would ask your client and report back. Your email does not respond to those questions, however, which are plainly relevant to determining whether Cheyne Capital US, LP has the practical ability to obtain responsive documents, which is the legal standard governing its obligations with respect to the subpoena.

Because, as we noted, your answers to these questions may help narrow or eliminate our dispute, we would appreciate your direct responses no later than Tuesday, May 28. It would similarly be helpful if you would disclose the identity of the natural person who you state in your motion to quash is both a member of Cheyne Capital Management (UK) LLP and a limited partner of Cheyne Capital US, LP.

We are available to meet and confer if it would be easier to discuss live.

Regards,
Charlie

**Charles M. Melman**
**Wachtell, Lipton, Rosen & Katz**
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1383 (Direct) | +1 (212) 403-2383 (Fax)
CMMelman@wlrk.com | www.wlrk.com

---

**From:** Ashley Mullen <Ashley.Mullen@pallasllp.com>
**Sent:** Wednesday, May 22, 2024 1:51 PM
**To:** Cullerton, Nate <NDCullerton@wlrk.com>
**Cc:** Barday, Shireen A. (Pallas Partners (US) LLP) <shireen.barday@pallasllp.com>; Melman, Charles M. <CMMelman@wlrk.com>
**Subject:** RE: MPT - Cheyne Capital US, LP - Subpoena dated April 9, 2024

> **\*\*External Email-Use Caution\*\***

Nate,

Thank you again for taking the time to meet and confer on Monday. As discussed, we have

asked our client if they have documents responsive to any of the four categories below:

1. Communications with or about Viceroy and its principals;
2. Communications about Defendants to the Alabama Proceeding;
3. Documents evidencing trades in MPT securities or any profits derived from such trades;
4. Documents evidencing any agreements with Viceroy about anything or agreements with defendants or MPT.

Our client has confirmed that it does not have any documents responsive to any of these four categories.  Instead, we understand, as we have said in our motion to quash, that all relevant documents are maintained by Cheyne Capital Management (UK) LLP and therefore must be obtained, if at all, from Cheyne Capital Management (UK) LLP.  Our client does not have access to (or any legal right to obtain) documents from Cheyne Capital Management (UK) LLP.

Thanks,


Ashley Mullen
Associate

**PALLAS**

T: +1 (212) 970 2327 | M: +1 (229) 550 0514
E:  ashley.mullen@pallasllp.com
75 Rockefeller Plaza, New York, NY 10019
pallasllp.com | LinkedIn

**From:** Cullerton, Nate <NDCullerton@wlrk.com>
**Sent:** Friday, May 17, 2024 10:32 AM
**To:** Ashley Mullen <Ashley.Mullen@pallasllp.com>; Shireen Barday <Shireen.Barday@pallasllp.com>
**Cc:** Melman, Charles M. <CMMelman@wlrk.com>
**Subject:** RE: MPT - Cheyne Capital US, LP - Subpoena dated April 9, 2024

Ashley, yes, we are authorized to accept service.

**From:** Ashley Mullen <Ashley.Mullen@pallasllp.com>
**Sent:** Friday, May 17, 2024 9:52 AM
**To:** Cullerton, Nate <NDCullerton@wlrk.com>; Barday, Shireen A. (Pallas Partners (US) LLP) <shireen.barday@pallasllp.com>
**Cc:** Melman, Charles M. <CMMelman@wlrk.com>
**Subject:** RE: MPT - Cheyne Capital US, LP - Subpoena dated April 9, 2024

**External Email-Use Caution**

Nate,

7

The Court just entered a briefing schedule for this matter.  Please let us know if your client has consented to you accepting service on its behalf.

Thanks,


Ashley Mullen
Associate

# PALLAS

T: +1 (212) 970 2327  | M: +1 (229) 550 0514
E:  ashley.mullen@pallasllp.com
75 Rockefeller Plaza, New York, NY 10019
pallasllp.com  |  LinkedIn

**From:** Ashley Mullen
**Sent:** Thursday, May 16, 2024 7:50 PM
**To:** Cullerton, Nate <NDCullerton@wlrk.com>; Shireen Barday <Shireen.Barday@pallasllp.com>
**Cc:** Melman, Charles M. <CMMelman@wlrk.com>
**Subject:** RE: MPT - Cheyne Capital US, LP - Subpoena dated April 9, 2024

Thanks Nate, we are available on Monday at 12pm.  I'll circulate a dial-in.

Thanks,
Ashley

**From:** Cullerton, Nate <NDCullerton@wlrk.com>
**Sent:** Thursday, May 16, 2024 5:43 PM
**To:** Shireen Barday <Shireen.Barday@pallasllp.com>
**Cc:** Ashley Mullen <Ashley.Mullen@pallasllp.com>; Melman, Charles M. <CMMelman@wlrk.com>
**Subject:** RE: MPT - Cheyne Capital US, LP - Subpoena dated April 9, 2024

Thanks Shireen, Monday is fine.  I could do 10-1:30 or after 3:30.  Let me know if anything in those windows would work.  I'm waiting to hear from my client on the motion, but I don't expect service will be an issue.  Will get back to you on that.

Thanks,
Nate

**Nate Cullerton**
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1313 (Direct) | +1 (212) 403-2313 (Fax)
NDCullerton@wlrk.com | www.wlrk.com

**From:** Shireen Barday <Shireen.Barday@pallasllp.com>

8

**Sent:** Thursday, May 16, 2024 4:50 PM
**To:** Cullerton, Nate <NDCullerton@wlrk.com>
**Cc:** Ashley Mullen <Ashley.Mullen@pallasllp.com>; Melman, Charles M. <CMMelman@wlrk.com>
**Subject:** Re: MPT - Cheyne Capital US, LP - Subpoena dated April 9, 2024

> **\*\*External Email-Use Caution\*\***

**Thanks for your email, Nate. Tomorrow (regrettably, unfortunately and/or finally) is Judge Pooler's memorial service, and I expect to be dealing with that or things ancillary to that all day, so I would appreciate if we could schedule a time to speak on Monday, if that would work for you.**

**In the meantime, are you authorized to accept service of our papers on behalf of MPT?**

**Thanks very much,**
**Shireen**

Shireen Barday
Partner

PALLAS

T: +1 (212) 970 2302  |  M: +1 (646) 280 8866
E:  shireen.barday@pallasllp.com
75 Rockefeller Plaza, New York, NY 10019
pallasllp.com  |  LinkedIn

**On May 16, 2024, at 3:59 PM, Cullerton, Nate <NDCullerton@wlrk.com> wrote:**

Counsel:

Please let us know if you are available to meet and confer tomorrow regarding the subpoena and your client's response. I understand there was a prior effort to schedule a time with Quinn Emanuel. We'd like to better understand your objections to the subpoena and see if there is a path forward to resolving this. I am flexible tomorrow.

Regards,
Nate

**Nate Cullerton**
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1313 (Direct) | +1 (212) 403-2313 (Fax)
NDCullerton@wlrk.com | www.wlrk.com

9

**From:** Jomaire Crawford <jomairecrawford@quinnemanuel.com>
**Sent:** Thursday, May 16, 2024 3:30 PM
**To:** Ashley Mullen <Ashley.Mullen@pallasllp.com>; Barday, Shireen A. (Pallas Partners (US) LLP) <shireen.barday@pallasllp.com>
**Cc:** Cullerton, Nate <NDCullerton@wlrk.com>
**Subject:** Re: MPT - Cheyne Capital US, LP - Subpoena dated April 9, 2024

**\*\*External Email-Use Caution\*\***

Counsel:

I am copying in Nate Cullerton of Wachtell, Lipton, Rosen & Kat, who will be in touch regarding next steps. Please direct all future correspondence to his attention. Thanks.


Jomaire Crawford | *Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 23rd Floor
New York, NY 10010
212.849.7581 Direct
212.849.7000 Main Office Number
212.849.7100 FAX
JomaireCrawford@quinnemanuel.com
www.quinnemanuel.com


NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Ashley Mullen <Ashley.Mullen@pallasllp.com>
**Sent:** Wednesday, May 15, 2024 6:27 PM
**To:** Jomaire Crawford <jomairecrawford@quinnemanuel.com>
**Cc:** Shireen Barday <Shireen.Barday@pallasllp.com>
**Subject:** MPT - Cheyne Capital US, LP - Subpoena dated April 9, 2024

[EXTERNAL EMAIL from ashley.mullen@pallasllp.com]

---

Ms. Crawford,

**A short while ago, we filed a motion to quash the subpoena you served (or caused to be served) on Cheyne Capital US, LP. A copy of the case initiating papers is in the link below. Please let us know if you will accept service on behalf of MPT.**

<image002.png>
 ECF Stamped Documents

**Thanks,**

Ashley Mullen

Associate

–

T: +1 (212) 970 2327  |  M: +1 (229) 550 0514

E:  ashley.mullen@pallasllp.com

75 Rockefeller Plaza, New York, NY 10019

pallasllp.com  |  LinkedIn

Pallas Partners LLP is a limited liability partnership registered in England with registered number OC437491, and is authorised and regulated by the Solicitors Regulation Authority of England and Wales ("SRA") with SRA number 826251. A list of names of the members is available for inspection at our registered address at 1 King William Street, London, EC4N 7AF. The word "partner" denotes a member of Pallas Partners LLP or an employee or consultant with equivalent standing and qualifications.

Pallas Partners (US) LLP is a limited liability partnership established in Delaware and registered in New York, located at 75 Rockefeller Plaza, New York, NY, 10019. Attorneys practicing law with Pallas Partners (US) LLP are admitted to practice in New York and their professional conduct is regulated by the New York Rules of Professional Conduct.

This email (and any attachments) is confidential and may also be legally privileged and is intended solely for the use of the individual or entity addressed above. If you are not the intended recipient, please immediately notify the sender, then delete it from your system. You should not copy it or use it for any purpose, nor disclose its contents to any other person. Please also note that emails sent or received may be monitored to ensure compliance with the law and with our policies.

Further regulatory information can be found in the Legal Notices which appear on our website at https://www.pallasllp.com/legal.

======================================================
**Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not**

11

**the intended recipient, please do not read, copy or re-transmit this communication. If you have received this communication in error, please notify us by e-mail ([helpdesk@wlrk.com](mailto:helpdesk@wlrk.com)) or by telephone (call us collect at 212-403-4357) and delete this message and any attachments.**

**Thank you in advance for your cooperation and assistance.**
**====================================================**